816 F.2d 673
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Don Ray BRILEY, Defendant-Appellant.
 No. 86-5619.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1987.
Decided April 7, 1987.
 
 Before CHAPMAN and WILKINS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Michael Rankin Nash, for appellant.
 Douglas Cannon, Assistant United States Attorney (Kenneth W. McAllister, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Appellant was convicted of bank robbery in violation of 18 U.S.C.A. Sec. 2113(a) (West 1984). On appeal, his sole contention is that the trial court erred in denying his motion for appointment of a psychiatric expert. We affirm.
 
 I.
 
 2
 Appellant was indicted on May 27, 1986, for the May 19, 1986 robbery of the First Union National Bank in High Point, North Carolina. He was arraigned and entered a plea of not guilty on June 4, 1986. During a court appearance on July 9, 1986, he, for the first time, informed his defense counsel that he wished to assert an insanity defense.
 
 
 3
 The court allowed defense counsel to file a late notice of insanity defense pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure and a motion for appointment of a psychiatric expert.[1] This motion was denied. On July 21, 1986, appellant appeared before the trial court to enter a plea of guilty pursuant to a written plea agreement. The court refused to accept the change of plea when appellant denied involvement in the bank robbery.
 
 
 4
 At trial, appellant presented no evidence in his defense. He was found guilty and sentenced to seventeen years.
 
 II.
 
 5
 The Criminal Justice Act provides, in part:
 
 
 6
 Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for an adequate defense may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.
 
 
 7
 18 U.S.C.A. Sec. 3006A(e)(1) (West 1985). The expert services made available under Section 3006A(e)(1) include psychiatric assistance. United States v. Taylor, 437 F.2d 371, 377 (4th Cir.1971). The determination of an indigent defendant's need for expert assistance is committed to the sound discretion of the trial judge. Williams v. Martin, 618 F.2d 1021, 1026 (4th Cir.1980).
 
 
 8
 There is no dispute as to appellant's financial inability to obtain a psychiatrist or psychologist. The only issue is whether he presented sufficient facts to reasonably suggest need for a psychiatric expert. See United States v. Schultz, 431 F.2d 907, 911 (8th Cir.1970).
 
 
 9
 Appellant relies heavily on the fact that five years prior to this incident he was committed to a psychiatric hospital for forensic evaluation relating to a state shoplifting charge. He was diagnosed as having a schizo-typical personality disorder, but found competent to stand trial. There is no evidence of appellant's alleged insanity at the time of the bank robbery. In addition, appellant's counsel candidly admitted that during his contact with appellant, he was lucid, articulate and exhibited no bizarre behavior. We find no abuse of discretion.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The motion was designated "Motion for Pre-trial Psychiatric or Psychological Examination of the Defendant" pursuant to 18 U.S.C.A. Sec. 4242 (West 1985). However, Section 4242 provides for pretrial psychiatric or psychological examination upon motion of the government after defendant files a notice of insanity defense under Rule 12.2. Appellant's motion is, in essence, a request for authorization to obtain expert services pursuant to 18 U.S.C.A. Sec. 3006A(e)(1) (West 1985)